IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Raymond Christopher Shackelford, #288245, ) | |
| ) | C/A No. 0:08-3632-GRA-PJG |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **REPORT AND** |
| Warden of Broad River Correctional Institution, ) | **RECOMMENDATION** |
| ) | |
| Respondent. ) | |
| _____ ) | |

The petitioner, Raymond Christopher Shackelford ("Shackelford"), a self-represented state prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC on the respondent's motion for summary judgment. (Docket Entry 18.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised the petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the respondent's motion. (Docket Entry 20.) Following an extension of time, Shackelford filed a response. (Docket Entry 26.) Having carefully considered the parties' submissions and the Record in this case, the court finds that the respondent's motion should be granted.

## BACKGROUND

Shackelford was indicted in July 2002 in York County for infliction of great bodily injury on a child (02-GS-46-1967) and unlawful child neglect (02-GS-46-1966). (App. at 127-30; Docket Entry 19-1 at 129-32.) Shackelford was represented by Harry Dest, Esquire, Chief Public Defender for York County and on October 24, 2002 pled guilty as charged. (App. at 6; Docket Entry 19-1 at 8.) The circuit court sentenced Shackelford to twenty years' imprisonment for infliction of great

bodily injury on a child and ten years' imprisonment for unlawful child neglect, both sentences to be served concurrently. (App. at 31; Docket Entry 19-1 at 33.)

Shackelford appealed and was represented by Eileen P. Clare, Esquire, Assistant Appellate Defender of the South Carolina Office of Appellate Defense. On July 15, 2003, Clare filed an Anders[1] brief and a petition to be relieved as counsel. (Docket Entry 19-3.) In her brief, Clare raised the following issue:

> Were appellant's sentences, the maximum available by law, disproportionate, when he had no history of violence and did not intend the harm he caused?

(Id. at 4.) Additionally, Shackelford filed a *pro se* response in which he raised the following issue:

> Whether court had subject matter jurisdiction based on the non-existing statute code of the indictment to accept appellant's guilty plea for infliction of great bodily injury on a child.

(Docket Entry 19-12 at 4.) On January 15, 2004, the South Carolina Court of Appeals dismissed Shackelford's appeal. (State v. Shackelford, 04-UP-017 (S.C. Ct. App. January 15, 2004); Docket Entry 19-4.) The remittitur was issued on February 23, 2004. (Docket Entry 19-5.)

Shackelford filed a *pro se* application for post-conviction relief ("PCR") on January 12, 2005. (Shackelford v. State of South Carolina, 05-CP-46-077, App. at 34-38; Docket Entry 19-1 at 36-40.) In his application, Shackelford raised the following issues:

1. Ineffective Assistance of counsel

2. Lack of review of Anders Brief

3. Santobello violation[.]

---

[1] Anders v. California, 386 U.S. 738 (1967). Anders requires that counsel who seeks to withdraw after finding the "case to be wholly frivolous" following a "conscientious examination" must submit a brief referencing anything in the record that arguably could support an appeal; furnish a copy of that brief to the defendant; and after providing the defendant with an opportunity to respond, the reviewing court must conduct a full examination of the proceedings to determine if further review is merited. Anders, 386 U.S. at 744.

(App. at 35; Docket Entry 19-1 at 37.) The State filed a return on June 29, 2005. (App. at 72-75; Docket Entry 19-1 at 74-77.) Shackelford filed an amendment to his PCR application on May 4, 2006 in which he raised the following additional issues:

1) Was the guilty plea in this case void due to defense counsel's promised particular sentence?

2) Did the trial court lack subject matter jurisdiction to enter a conviction or impose a sentence upon indictment number 2002-GS-46-1966?

3) Did the trial court lack subject matter jurisdiction to enter a conviction or impose a sentence upon indictment number 2002-GS-46-1967, under Sect. 16-13-95(A)?

4) Should the plea in this case be vacated due to the improper victim impact statement admitted prior to plea acceptance and sentencing?

5) Was applicant denied a fair plea and sentencing proceeding by judicial bias?

(App. at 39-70; Docket Entry 19-1 at 41-72.) On February 16, 2007, the PCR court held an evidentiary hearing at which Shackelford was present and testified and was represented by Todd W. Cline, Esquire. (App. at 76-118; Docket Entry 19-1 at 78-120.) The PCR court dismissed Shackelford's PCR application by order filed March 12, 2007. (App. at 120-26, Docket Entry 19-1 at 122-28.) Specifically, the PCR court ruled that the following grounds were all without merit: (1) that the Court of Appeals failed to properly review Shackelford's Anders brief, (2) that the trial court lacked subject matter jurisdiction, and (3) that Shackelford's sentence was the result of judicial bias. (Id.) Additionally, the PCR court ruled that Shackelford had failed to present any evidence to support his allegation that trial counsel was ineffective for allowing the trial judge to review the victim's impact statement, photographs, and a letter from the victim. (Id.)

Shackelford appealed and was represented by LaNelle C. Durant, Esquire, Appellate Defender for the South Carolina Commission of Indigent Defense. Durant filed a petition for a writ of certiorari on February 4, 2008 in which she presented the following issue:

PJG

Did the PCR court err in failing to find trial counsel ineffective for not asking for leave from the court to prepare a response to the victim impact statement?

(Docket Entry 19-8 at 3.) The State filed a return on April 17, 2008. (Docket Entry 19-9.) By letter order dated October 8, 2008, the South Carolina Supreme Court denied Shackelford's petition for a writ of certiorari. (Docket Entry 19-10.) The remittitur was issued on October 24, 2008. (Docket Entry 19-11.)

## FEDERAL HABEAS ISSUES

In Shackelford's federal petition for a writ of habeas corpus, he raises the following issues:

**Ground One:** Ineffective assistance of counsel
   **Supporting Facts:** The petitioner was given misleading legal advice about the nature of the plea—i.e., that there was a negotiated 10 (ten)-year cap on the sentence, no grounds for leniency in the plea were considered, and counsel was ineffective in not preparing beforehand for the victim impact statement and/or arguing as to its prejudicial effect.

**Ground Two:** lack of review of Anders brief
   **Supporting Facts:** As of the filing of the first application for post-conviction relief on January 6, 2005, the Anders brief filed by appellate counsel had not been adjudicated.

**Ground Three:** Violation of Santobello v. New York, or receiving a sentence above the plea agreement negotiated with the State.
   **Supporting Facts:** The petitioner pled guilty upon the understanding that a 10 (ten)-year sentence cap had been negotiated with the State.

**Ground Four:** Was the guilty plea in this case void due to defense counsel's promised particular sentence?
   **Supporting Facts:** The petitioner pled guilty upon the understanding that a 10 (ten)-year sentence cap had been negotiated with the State.

**Ground Five:** Did the trial court lack subject matter jurisdiction to enter a conviction or impose a sentence upon indictment number 2002-GS-46-1966?
   **Supporting Facts:** There is no indication of the necessary elements of the petitioner having legal custody or being married to the mother of the child alleged in the indictment.

**Ground Six:** Did the trial court lack subject matter jurisdiction to enter a conviction and impose a sentence upon indictment number 2002-GS-46-1967 under Sect. 16-13-95(A)?

> **Supporting Facts:** The court's sentencing of the petitioner under a non-existent statute violated his constitutional rights.

**Ground Seven:** Should the plea be vacated due to improper victim impact statement admitted prior to plea acceptance and sentencing?
> **Supporting Facts:** The petitioner was denied his Sixth Amendment right to counsel at the sentencing phase of the guilty plea by the State entering into the open court records the child's mother's victim impact statement, a letter from the mother and a photograph of the child. The petitioner was denied his right to be heard in response to these items, and he was not advised in advance as to whether these items were graphic, damning, or prejudicial.

**Ground Eight:** Was petitioner denied a fair plea and sentencing proceeding by judicial bias?
> **Supporting Facts:** In one instance, the petitioner was ordered by the court not to have any contact with the child or the child's mother. The petitioner's bond was later modified because he was not sending money for child support.

(See Pet., Docket Entry 1.)

In response to the respondent's motion for summary judgment, Shackelford concedes that Grounds Five through Eight lack merit. (Docket Entry 26.) Shackelford also expressly states that he abandons them in their entirety. (Id.)

## DISCUSSION

**A.  Summary Judgment Standard**

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

*PJG*

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(e). Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.     Habeas Corpus Standard of Review**

    **1.     Generally**

In accordance with § 2254, claims adjudicated on the merits in a state court proceeding cannot be a basis for federal habeas corpus relief unless the decision was "contrary to, or involved an unreasonable application of clearly established federal law as decided by the Supreme Court of the United States," or the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1), (2). When

PJG

reviewing a state court's application of federal law, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams v. Taylor, 529 U.S. 362, 410 (2000); see also Humphries v. Ozmint, 397 F.3d 206 (4th Cir. 2005); McHone v. Polk, 392 F.3d 691 (4th Cir. 2004). Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

### 2. Exhaustion Requirement

A habeas corpus petitioner may obtain relief in federal court only after he has exhausted his state court remedies. 28 U.S.C. § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997). Thus, a federal court may consider only those issues which have been properly presented to the highest state courts with jurisdiction to decide them. Generally, a federal habeas court should not review the merits of claims that would be found to be procedurally defaulted (or barred) under independent and adequate state procedural rules. Lawrence v. Branker, 517 F.3d 700, 714 (4th Cir. 2008); Longworth v. Ozmint, 377 F.3d 437 (4th Cir. 2004); see also Coleman v. Thompson, 501 U.S. 722 (1991). For a procedurally defaulted claim to be properly considered by a federal habeas court, the petitioner must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750.

**C. Respondent's Motion for Summary Judgment**

    **1. Grounds Five through Eight**

As noted above, in response to the respondent's motion for summary judgment, Shackelford concedes that Grounds Five through Eight lack merit and expressly abandons them in their entirety. Without objection from the respondent, the court finds that Shackelford has abandoned these grounds, and therefore recommends dismissing these claims with prejudice.

    **2. Procedural Bar**

The respondent argues that a portion of Ground One of Shackelford's federal habeas Petition is procedurally barred from consideration. Additionally, the respondent contends that Grounds Two, Three, and Four are barred from federal habeas review. Upon review of the record, the court agrees.

Ground One appears to contain two claims of ineffective assistance of counsel. Shackelford first alleges that plea counsel was ineffective by giving Shackelford misleading legal advice about the nature of his plea ("Ground One(a)"). Second, Shackelford contends that plea counsel was ineffective in failing to prepare for the victim impact statement prior to the plea ("Ground One(b)"). While these claims were raised to and ruled upon by the PCR court, Shackelford did not raise Ground One(a) to the state appellate courts in his PCR appeal. Similarly, the court finds that the following grounds, while they were arguably raised to and ruled upon by the PCR court, were not raised to the state appellate courts in Shackelford's PCR appeal: Ground Two (alleging that the Court of Appeals erred in failing to review Shackelford's Anders brief in his direct appeal) and Ground Four (alleging that his guilty plea is void based on plea counsel's promise that Shackelford would receive no more than a ten-year sentence). Further, in Ground Three, Shackelford alleges that a violation occurred based on Santobello v. New York, 404 U.S. 257 (1971). While this claim was raised to the PCR court, it was neither ruled upon by the PCR court nor raised to the state appellate

courts in Shackelford's PCR appeal. Accordingly, these claims were not fairly presented to the South Carolina appellate courts and are procedurally barred from federal habeas review. See Coleman, 501 U.S. 722 (stating that if an issue is not properly raised to the state's highest court and would be procedurally impossible to raise now, then it is procedurally barred from federal habeas review); Picard v. Connor, 404 U.S. 270, 275-76 (1971) (stating that to exhaust state remedies, a petitioner's "federal claim must be fairly presented to the state courts" to give the state courts "the first opportunity to hear the claim sought to be vindicated in a federal habeas proceeding"). Moreover, these claims would be found to be procedurally defaulted (or barred) under independent and adequate state procedural rules if Shackelford attempted to raise them now. See Lawrence, 517 F.3d at 714; Longworth, 377 F.3d 437; see also Coleman, 501 U.S. 722. Thus, these claims are not properly exhausted and are procedurally barred unless Shackelford can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice," which he has not alleged.[2] See Coleman, 501 U.S. at 750.

### 3.     Ground One(b)

Ground One(b) remains to be addressed. In this Ground, Shackelford contends that he is entitled to habeas relief due to ineffective assistance of plea counsel.

A defendant has a constitutional right to the effective assistance of counsel. To demonstrate ineffective assistance of counsel, a petitioner must show, pursuant to the two-prong test enunciated in Strickland v. Washington, 466 U.S. 668 (1984), that (1) his counsel was deficient in his representation and (2) he was prejudiced as a result. Id. at 687; see also Williams v. Taylor, 529 U.S.

---

[2] Even considering the merits of these grounds, for the reasons stated in the respondent's return and memorandum of law in support of summary judgment, Shackelford would not be entitled to federal habeas relief on any of these grounds. (Docket Entry 19 at 21-27.)

362, 391 (2000) (stating that "the Strickland test provides sufficient guidance for resolving virtually all ineffective-assistance-of-counsel claims").

To satisfy the first prong of Strickland, a petitioner must show that trial counsel's errors were so serious that his performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment to the United States Constitution. With regard to the second prong of Strickland, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. Prejudice may be presumed when (1) a defendant is completely denied counsel at a critical stage of his trial, (2) counsel "entirely fails to subject the prosecution's case to a meaningful adversarial testing," or (3) "although counsel is available to assist the accused during trial, the likelihood that any lawyer, even a fully competent one, could provide effective assistance is so small that a presumption of prejudice is appropriate without inquiry into the actual conduct of the trial." United States v. Cronic, 466 U.S. 648, 659 (1984).

To prevail on a claim of ineffective assistance of counsel in connection with a guilty plea, a petitioner must show that "trial counsel's performance fell below an objective standard of reasonableness and 'that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Burket v. Angelone, 208 F.3d 172, 189 (4th Cir. 2000) (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)) (discussing the Strickland v. Washington standard to establish ineffectiveness of counsel in the context of a guilty plea).

As stated above, in Ground One(b), Shackelford contends that plea counsel was ineffective in failing to prepare for the victim impact statement prior to the plea and/or in failing to argue as to its prejudicial effect. This claim is almost identical to Shackelford's Ground Seven, which he conceded was without merit and abandoned. Moreover, in discussing the merits of Ground One in

362, 391 (2000) (stating that "the Strickland test provides sufficient guidance for resolving virtually all ineffective-assistance-of-counsel claims").

To satisfy the first prong of Strickland, a petitioner must show that trial counsel's errors were so serious that his performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment to the United States Constitution. With regard to the second prong of Strickland, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. Prejudice may be presumed when (1) a defendant is completely denied counsel at a critical stage of his trial, (2) counsel "entirely fails to subject the prosecution's case to a meaningful adversarial testing," or (3) "although counsel is available to assist the accused during trial, the likelihood that any lawyer, even a fully competent one, could provide effective assistance is so small that a presumption of prejudice is appropriate without inquiry into the actual conduct of the trial." United States v. Cronic, 466 U.S. 648, 659 (1984).

To prevail on a claim of ineffective assistance of counsel in connection with a guilty plea, a petitioner must show that "trial counsel's performance fell below an objective standard of reasonableness and 'that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Burket v. Angelone, 208 F.3d 172, 189 (4th Cir. 2000) (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)) (discussing the Strickland v. Washington standard to establish ineffectiveness of counsel in the context of a guilty plea).

As stated above, in Ground One(b), Shackelford contends that plea counsel was ineffective in failing to prepare for the victim impact statement prior to the plea and/or in failing to argue as to its prejudicial effect. This claim is almost identical to Shackelford's Ground Seven, which he conceded was without merit and abandoned. Moreover, in discussing the merits of Ground One in

response to the respondent's motion for summary judgment, Shackelford provides no argument with regard to the allegations in Ground One(b). Accordingly, the court finds that Shackelford has also abandoned Ground One(b).

Even if Shackelford did not abandon this Ground, the PCR court stated that it could not "find any ineffective assistance in regard to the victim's impact statement." (App. at 125, Docket Entry 19-1 at 127.) Further, the PCR court determined that counsel's performance did not fall below an objective standard of reasonableness and found that "counsel rendered on [Shackelford's] behalf adequate assistance." Upon thorough review of the record in this matter and the parties' filings, the court finds that Shackelford has not demonstrated that the PCR court, in concluding that counsel was not constitutionally ineffective, unreasonably misapplied clearly established federal law in rejecting this claim or that the PCR court made objectively unreasonable factual findings. See Williams v. Taylor, 529 U.S. at 410; 28 U.S.C. § 2254(d)(2), (e)(1). Thus, Shackelford is not entitled to federal habeas relief on this ground.

## RECOMMENDATION

For the foregoing reasons, the court recommends that the respondent's motion for summary judgment (Docket Entry 18) be granted.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

January 13, 2010
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).